COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

BLAKE CONSTRUCTION COMPANY, INC.
AND
STANDARD FIRE INSURANCE COMPANY
                                          MEMORANDUM OPINION[*]
v.    Record No. 1497-95-4                    PER CURIAM
                                          DECEMBER 5, 1995
HENRY YOUNG

                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Alan D. Sundburg; Friedlander, Misler, Friedlander,
            Sloan & Herz, on brief), for appellants.

            (Lawrence J. Pascal; Ashcraft & Gerel, on brief), for
            appellee.


        Blake Construction Company, Inc. and its insurer

(hereinafter collectively referred to as "employer") contend that

the Workers' Compensation Commission erred in denying its change

in condition application.  The commission found that employer

failed to prove that Henry Young ("claimant") was able to perform

light-duty or sedentary work as of July 25, 1994.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

        On appellate review, we view the evidence in the light most

favorable to the prevailing party below.  R.G. Moore Bldg. Corp.

v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

"General principles of workman's compensation law provide that

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

'[i]n an application for review of an award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying employer's change in condition application and in finding that employer failed to prove that claimant was able to perform light-duty work, the commission found as follows:

> The only medical release to work was issued by Dr. [Richard J.] Sternberg, who imposed significant limitations and ultimately deferred to the treating physician, Dr. [Robert T.] Gaughan, regarding the claimant's weight bearing status. Dr. Gaughan's reports are silent on the issue of work capacity. Dr. [L.J.] Wagner's report indicates the claimant was not assigned to work upon arrival at the Allenwood facility due to medical problems. He concluded that continuing the status of "medically unassigned" is appropriate, observing residual problems related to the fracture, including migration of the screws and possible disfiguration.

> *   *   *   *   *   *   *
> The employer had the burden to prove that the claimant was partially disabled. The claimant's treating physician, Dr. Gaughan, has not reported the claimant was

2

able to perform light duty.  Dr. Sternberg thought the claimant could perform some sedentary work but deferred to Dr. Gaughan's opinion.  Dr. Wagner's statement is ambiguous.

The commission's findings are supported by the medical records.  Therefore, we are bound by these findings.  On appeal, this Court "does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Based upon the lack of a release from Dr. Gaughan, the treating physician, for claimant to return to work, and the ambiguous opinions rendered by Drs. Sternberg and Wagner, we cannot say as a matter of law that employer's evidence sustained its burden of proof.  Accordingly, we affirm the commission's decision.

Affirmed.